Good morning, Your Honors. Thomas Raglin on behalf of the petitioner Pierre Malia. Your Honors, the immigration judge in this case committed two grave errors, and those errors were summarily affirmed by the Board of Immigration Appeals. The first error was the judge found that Mr. Malia's conviction under 18 U.S.C. section 922E for delivery of a package containing firearms into foreign commerce constituted a deportable firearm offense under section 237A2C of the Immigration and Nationality Act. The second error was, during the proceedings below, the petitioner requested a continuance to allow Citizenship and Immigration Services to adjudicate a pending family-based- Let me ask you about the continuance. Yes. Continuances are always discretionary, and it looked to me as though the I.J. had two reasons. The main one was that the proceeding was, as a practical matter, about done. The second was he wanted a continuance while he got an adjudication of his petition for an adjustment of change of status. But the law says that it takes clear and convincing evidence that the marriage is not fraudulent in order to get a change of status for a marriage entered into after proceedings have begun. So there were two reasons to think a continuance was a bad idea. One was that his petition was highly likely to fail. And the second was he'd be staying in the United States, even though he had no business here, for years while it failed. Why isn't that within the discretion of the I.J.? Well, Your Honor, let me speak to the request for the continuance. At the outset, the judge didn't even consider anything related to the bona fides of the I-130 petition. And as Your Honor is aware, the I-130 ---- He gave a shorthand. He said there's a presumption against it. There's not exactly a presumption against it. But it, as a practical matter, is the same thing to say that the standard of proof for it is very high, clear and convincing evidence that it's not fraudulent. That's true, Your Honor. But the Board of Immigration Appeals itself, in matter of Garcia, held that it makes no difference for purposes of granting a continuance on this basis whether the marriage was entered into prior to proceedings commencing or after proceedings had commenced, whether the I-130 was filed before the person was in deportation proceedings or afterwards, that all that was required is a coverable showing of eligibility. It doesn't make no difference. And I don't think the BIA said that the I.J. must grant a continuance. Did they? They just said he may? No, Your Honor. The BIA said the things that should be taken into consideration and whether to grant a continuance in exactly this circumstance was, and the valid basis ---- They said things to be taken into consideration, but they didn't say he must grant a continuance, did they? No, Your Honor. But they said the valid basis to deny a continuance in this circumstance are a clear showing of statutory ineligibility, a clear showing of dilatory tactics on the part of the Petitioner, evidence of past fraud, not a presumption, not a clear and convincing standard, but a past evidence of fraudulent petitions, or some other basis that would demonstrate that there was no prima facie eligibility for the I-130. What is the present status of the I-130? Your Honor, the I-130 was approved in 2006. And as I laid out in the facts of the brief, twice we requested a joint motion to reopen the immigration proceedings so that Mr. Melea could adjust his status before the Immigration Court. Both those efforts were refused by the Department of Homeland Security. They refused to reopen the case, even though he is clearly now eligible to adjust his status under matter of Rainford. So this is why, Your Honor, I requested an alternative. Are you saying his prior conviction is totally irrelevant to the question of whether we've sent the time? No. To whether a continuous should be granted? Right. The conviction clearly qualifies as a discretionary consideration weighed among other discretionary considerations. He has one conviction from 1993 for which he received 12 months' probation. That is weighed against the equities in his case, which are a U.S. citizen spouse, residence of 20 years in this country, no other criminal offenses whatsoever, no arrests, no convictions, steady record of employment, payment of taxes. And in analogous cases, the judges have found that where the equities are so overwhelming But there's still – I don't understand where they're overwhelming. He sold a couple of hundred guns, or he helped in the shipment of a couple of hundred guns to Malta, a couple of hundred guns. That's not target shooting. That sounds serious. And then he got married during his proceedings. And I don't understand why the merits are overwhelming. Well, Your Honor, those merits go to whether he qualifies for adjustment of status or not, which was not something that was ever reached by the immigration judge. That's what I was asking. Yes. The factors that were considered for the continuance are not whether he qualifies for adjustment of status. What Madam Garcia says is the petitioner must make a colorable showing of prima facie eligibility for adjustment to qualify for continuance. How long does he have to remain in the United States until this question gets resolved? It would be 30 days, 30 years, or what? Well, Your Honor, if the Court grants the petition and takes either of the routes proposed, either terminates the proceedings because it's not a deportable firearm offense, then he retains his permanent residence. He was a permanent resident prior to the conviction. Go get a green card. He had his green card. Has there ever been an explanation of a couple hundred guns? It sounds like some kind of organized crime thing on its face. Well, Your Honor, we don't look at, obviously, under the Taylor approach, we don't look at the underlying facts of what happened. We look at what he was actually convicted of. What he was actually convicted of was the 18 U.S.C. section 922E. That's true as far as deciding whether it's how to apply the categorical or the modified categorical approach. But in terms of the discretion to grant a continuance, I would think that the I.J. could permissibly look at the likelihood that he'd ultimately be obtaining relief. Your Honor, that's not what the immigration judge said. I'm not willing to continue these proceedings indefinitely to allow USCIS to adjudicate the I-130. Now, your answer to my question was not an answer. It was an explanation for why the question was irrelevant. That may be so, but I'm still curious. Has there ever been any explanation of shipping a couple hundred guns to Malta? Your Honor, in terms of an explanation of what happened, I think it's in the pre-sentence investigation that's part of the record, what occurred here. Can you tell me what it is? That Mr. Malia and his brother arranged for shipment of firearms to Malta, and they didn't provide notice to the carrier as they were required to do under section 922E. 922E, as the – That part I remember. Yes. As the cases have made clear, 922E is essentially a reporting statute. And the Sixth Circuit noted and the government argued in Al-Khafaji. I was trying to think of a reason why somebody would ship a couple hundred guns to Malta other than a very bad reason. And I couldn't think of one, so I gave you several chances to give me one. The explanation I understood from the discussion in the record was that there was – it was to generate income. Guns are more expensive in Malta, and even buying them legally is more expensive in the United States. And it was a way for his brother living in Malta to make money on the endeavor. But that doesn't go to the question of whether the continuance should have been granted. And the judge didn't mention anything about that in denying the continuance. He said, I'm not willing to continue these proceedings. And this was even though the petition was already outside the published processing times for adjudicating this type of petition. When Mr. Malia came to immigration court, the published processing times were 30 to 90 days for an I-130 petition. At that point, it had already been over five months. He had only had one prior continuance for 15 days. He – as this Court held in Ahmed and Karapetian and Chui, where there is an issue of vital importance, and in this case specifically, eligibility to adjust status under a matter of Rainford, with no need for a waiver. That is a basis to find that the judge abuses his discretion where he denies a reasonable continuance request. Agency delay, the judge's case completion goals, none of those are valid reasons to deny continuance, nor is the – what the judge characterized as the presumption that the petition wouldn't be approved. The petition was approved. And Mr. Malia is clearly eligible, prima facie eligible to adjust his status. All Rainford says is we hold that the conviction will not preclude a showing of admissibility. That's right. In other words, he's prima facie eligible to adjust. He doesn't require a criminal waiver, as you would for some other offenses. He can apply for adjustment without any need for a waiver. The judge can grant or deny the adjustment in the exercise of discretion, but has to provide legitimate bases and has to weigh the equities against the one negative factor in this case. None of that has occurred. In fact, that's why we request that as an alternative to terminating the proceedings that it be returned so he has his opportunity to present the equities, to have a fact finder determine whether those equities are outweighed by his one offense. Counsel, you have exceeded your time. Thank you, Your Honors. Thank you. We'll hear from the government. Good morning. My name is Jesse Bless. I represent the Attorney General of the United States. I want to bring up a couple of facts about what happened in this case. The immigration judge made a finding of removability. He continued proceedings and allowed the Petitioner to bring back evidence that he was eligible for any form of relief. On the day of the hearing, the Petitioner, through his attorney, said, I've married a United States citizen. I have a pending petition with the DHS. Please extend my proceedings. I have a pending petition with the DHS. Please extend my proceedings. What he didn't submit and what was critical to show good cause for a continuance was that the marriage is bona fide. And there's a number of cases. Well, he – the petition has, after this time, been approved, correct? But that doesn't change whether they're – I'm asking a question. Yes. Has it been approved? Yes. Okay. And now that it has been approved and the government has had the opportunity to determine that the marriage is bona fide, why are you unwilling to allow a remand for consideration on the merits of whether adjustment of status is appropriate? Well, I'm here to defend the decision of the agency. I know you are. I'm asking – The government. Why is this not an appropriate case either for mediation or for a joint motion? It doesn't mean that he'll necessarily receive adjustment of status, but it's quite apparent from the later things that happened that he is eligible to be considered on the merits. So what would be wrong with that? Well, he's had an opportunity to go to DHS, and then they have the discretion to move to terminate, to file a joint motion to reopen. They have declined to do so. There's a couple of factors. And I'm not – Is there any reason that we know of that's permissible for us to know about in the record as to why the government's been unwilling to allow this to be considered on the merits? They have absolute veto power. And I'm not privy to the conversations that the Petitioner had, but they have absolute veto power. There are a couple of things that I know of from the record. That is, he definitely has overstayed the period of voluntary departure, which would – which makes someone ineligible for adjustment. And I'm not saying that that's the reason they provided, but that's certainly an issue that should remand happen for whatever reason outside of any agency error that is present in the record that would have to be taken up, because he's now ineligible for most forms of discretionary relief. What happened on the marriage? Have they granted him an adjustment of status? No, no, no. What would happen – what they've done is they've just – you know, there's a lot of steps. And he filed – Just tell me which step they got to. They got – they approved a petition, which means they made – Petition. Yeah. CIS, Citizenship and Immigration Services, made a determination that he had submitted sufficient evidence that the marriage is bona fide. So it's established now that the marriage is bona fide. Right. Now, could he file a petition to reopen his deportation proceeding? No, he did not. Would that ordinarily be what you would do once you had the – a bona fide marriage to a U.S. citizen? I've definitely seen that happen, yes. What is the status of his petition for adjustment of status on the basis of the marriage? Well – Or is there a petition for adjustment? No, because he would have to go before the immigration judge. And now proceedings have been administratively closed. So it's kind of a catch-22. It's just – you didn't – the IJ didn't allow the continuance so that he could demonstrate the bona fides, which he now has demonstrated. So he's now foreclosed from proving what everybody knows to be true, which is that it's a bona fide marriage. And I guess specifically I'd be interested in your response to counsel's argument that the BIA itself has established the criteria that are supposed to be applied when deciding whether to grant a continuance and that this immigration judge did not follow that BIA guidance in this instance. Those would have been arguments that should have been presented to the board, but they were not. And what Malia actually did was he filed a motion to remand before the board. He didn't challenge the denial of the continuance. And so – That really doesn't answer my question. I'm asking for your substantive response to counsel's argument. Well, the inability or the – he had an opportunity to demonstrate that his marriage was bona fide before the immigration judge. He somehow did it before CIS. He should have done it before the immigration judge. He submitted nothing. He submitted nothing, no evidence. The fact that he was able to do it subsequently shouldn't, therefore, bootstrap error. But he asked for a continuance so that he could do it. That's what is sort of Kafkaesque. You know, I won't give you a continuance in order to demonstrate something. So you haven't demonstrated it. The immigration judge gave him a continuance to come back with evidence that he was eligible for relief. He came back and made an oral request for a continuance merely saying that I've married a U.S. citizen. What he could have done was brought back the evidence with him that the marriage is bona fide, joint billing statements, a marriage certificate, all the evidence that is normally presented. Could I go back to the question that still remains on the table that I haven't heard an answer to? Counsel argued that the BIA has established criteria that an I.J. is supposed to go through in this situation and to determine whether a continuance should be granted and that the I.J. in this instance, according to the argument, did not follow that guidance as to what the criteria were. Is that correct or incorrect in your view in terms of what the BIA has established as the criteria? That's incorrect because what the immigration judge is finding with regard to the bona fides of the marriage and whether it was established by clear and convincing evidence is an element, is always to be considered, which the immigration judge did consider. Now, he might not have cited the case, but he certainly applied a correct dispositive criteria, meaning that if you don't submit evidence that the marriage is bona fide, that's an absolute reason to deny a request for continuance. And his statement under oath, presumably, that it was bona fide is to be ignored in this context in terms of deciding whether to grant, just whether to grant a continuance, not the final answer. It's not sufficient. You need, there's a number of factors that this Court has looked to and that the board has looked to to show that the marriage is bona fide when it's entered into because there's a presumption. So your statement cannot overcome that presumption. If it could, it would be a pretty, you know, pretty weak presumption. You have to show joint billing statements. You know, a marriage certificate would have worked. His wife could have come in and testified. So what you're saying is that without demonstrating the merits, you can't get a continuance in order to demonstrate the merits. That's really what you're saying. No, because I don't, I think merely showing that the marriage is bona fide isn't going to, therefore, translate into a grant of adjustment of status. It's just one element. I understand that. We're talking about a continuance in order to have the opportunity to have this looked at on the merits. We know that the merits are not in front of us. The I.J. knew that the merits were not in front of him or her, I don't remember, in this instance. But what the Petitioner is arguing for is a blanket rule that says when someone comes in after they've been found removable for a criminal offense, that saying that they've married a U.S. citizen without any proof that they have, without any showing that the marriage is bona fide, is sufficient for the immigration judge to delay removal proceedings that are supposed to be handled as quickly as possible. That's what he's arguing for. He submitted no evidence, nothing. He submitted no evidence to the board. He submitted nothing. He should have. There's no agency error in this case. Did he ask to reopen in front of the board so that he could submit evidence? No. He asked for a motion to remand, but he attached no evidence to the board. When he moved the board to remand, did he attach his marriage certificate or an affidavit or any kind of indication that he really had married a U.S. citizen? No. He merely submitted the same brief he had filed to the IJ, to the immigration judge, without any of it, without any evidence. And so did he say at any point under oath that he had married a U.S. citizen? I believe he answered a question from the immigration judge while under oath that he had married a U.S. citizen during proceedings. Thank you for your time. Thank you. Your time has expired, but if you want 30 seconds for rebuttal, you may have it. Thank you, Your Honor. Let me just speak to some erroneous factors in what the government's counsel is saying. You're not required to show the bona fides of the marriage to the immigration judge. The immigration judge does not adjudicate the I-130 petition. The bona fides have to be presented. Absolutely not required to, but generally when you ask a judge for continuance, you show him some reason why you're not just delaying proceedings and continuance would be productive. That's right, Your Honor. And did he tell the judge what evidence he would obtain or present if he got it or what would happen if he got a continuance? Your Honor, what happened was his attorney said my client has an I-130 pending before USCIS. He had a copy of the I-130 receipt notice, and the judge said I'm not going to continue these proceedings because it could be an indefinite period of time before USCIS gets around to adjudicating this I-130 petition. The I-130 petition, a copy was also included in the motion to remand to the board. It was clear the I-130 was pending before USCIS. The judge has no jurisdiction over the I-130. And the USCIS has jurisdiction over the I-130. They looked at the evidence that was presented, and they granted the I-130. When we thought counsel said that there were no efforts to remand this case, we submitted two requests for joint motion to remand. Are there any published special recommendations to people making these applications that's available to people, to the public? Any rule on timing or place or who or how or when? In terms of the I-130 petition, Your Honor, yes, USCIS's website has instructions on preparing and submitting an I-130 petition. And, again, the board itself has said in matter of Garcia, which was controlling law at the time of the judge's decision, that the petitioner need only present a colorful argument of eligibility for adjustment, prima facie eligibility. I've married it. Need only present means a minimal criterion. It doesn't mean something that compels a favorable exercise of discretion. What I keep comparing this to in my head is a summary judgment where the respondent makes a Rule 56-F motion for continuance to do further discovery. He will lose, almost always, unless he shows the judge some particular discovery he plans to do and why it's likely to be productive of evidence that will establish a genuine issue of material fact. And I'm looking for the analogy here. Your Honor, let me give you Your Honor, if I may point you to this Court's decision in Ahmed v. Holder, which is a 2009 decision. In that case, it was virtually identical circumstances to this case, except the continuance was requested to await an appeal from USCIS of a denial of a visa petition. This individual's visa petition had already been denied, and yet he had appealed it to the Administrative Appeals Office. He requested a continuance before the immigration judge until the appeal could be adjudicated in hopes that the appeal would be approved. The judge denied the continuance, and this Court said that was an unreasonable denial. The Court should have, the immigration judge should have continued proceedings to await a decision on the appeal. The appeal on that petition was eventually approved. And because it was such a significant factor, the eligibility to adjust status versus being banished from the United States for somebody who is married to a U.S. citizen who's lived here for 20 years, who has one negative discretionary factor on their record. Thank you, Counsel. Thank you, Your Honors. The case just argued is submitted.
judges: Beezer, Kleinfeld, Graber